THOMAS W. CARTER V. PHŒBE ANN MUNSON.

[FILED JULY 11, 1889.]

Practice. No question of law is involved in the case. The judgment of the district court is found to be sustained, in part, by the evidence in support of some of the items charged in the petition of defendant in error. As to other items charged, the judgment of the district court is not sustained by sufficient evidence and is reversed unless defendant in error remits $332 therefrom within sixty days, in which case the judgment of the district court is affirmed for $678, with legal interest from its date. The costs in this court, in case such remittitur is filed, will be equally divided between the parties.

ERROR to the district court for Adams county.   Tried below before MORRIS, J.

*Dilworth, Smith & Dilworth,* for plaintiff in error, cited : Bishop on Contracts, sec. 679, note 10 ; *Kellogg v. Turpie,* 93 Ill., 265 ; *Bishop v. Stewart,* 13 Nev., 25.

*J. B. Cessna,* for defendant in error, cited : *Boucher v. Pia,* 14 Abb. Pr., 1, 238 ; *Demarest v. Darg,* 32 N. Y., 291 ; *Bank of U. S. v. Beverly,* 1 How. (U. S.), 134 ; Herman on Estoppel, sec. 3 ; *Hall v. Finch,* 29 Wis., 278 ; *Allen v. Allen,* 27 N. W. Rep. (Mich.), 702.

REESE, CH. J.

Defendant in error instituted her action in the district court of Adams county against plaintiff in error, by which it was sought to recover the sum of $1,500, as damages claimed by her, by reason of the alleged conversion by plaintiff in error of certain personal property named in her petition.   This pleading was in the usual form and need not be further noticed at this time.

To the petition plaintiff in error filed his answer, consisting of a general denial of each and every allegation contained therein, and alleging that in the year 1873 defendant in error and her then husband, being in feeble health and advanced age, desiring to make some arrangement for their support in their declining years, entered into contract with plaintiff in error, by virtue of which it was then agreed between the parties that plaintiff in error should support defendant in error and her husband for and during the remainder of their lives, and that in consideration thereof defendant in error "conveyed the sum of $1,500 for the purchase of the S. W. ¼ of Sec. 30, Tp. 5 north, R. 11 west, of the 6th P. M., and which said real estate was purchased and deeded to this plaintiff " ; that

defendant in error then agreed with plaintiff in error that for the consideration of plaintiff in error furnishing the support of defendant in error and her husband, the land and all the property which the defendant in error then had should become the property of plaintiff in error; that in pursuance of the contract thus made plaintiff in error entered upon and took possession of the real estate and has continued to occupy it from that time until about the year 1883; that plaintiff in error kept and performed all the conditions of the contract upon his part to be kept and performed until the 19th day of July, 1882, when the husband of defendant in error died; and that he was ready and willing to continue in the performance of the conditions of said contract, but that he was prevented from so doing by reason of defendant in error's subsequent marriage with her present husband, B. F. Munson; that during said time he occupied all his time and spent his money in improving the land, having support of defendant in error and her husband, and that he had made lasting and valuable improvements on said property to the amount of $1,200; that plaintiff in error paid off, besides the mortgage, an incumbrance on the real estate to the amount of $400; that he had paid out and expended for defendant in error and her husband, for their support and expenses in pursuance of the conditions of the contract, a large sum of money amounting to $1,600; that all his earnings and labor for these eight years had been expended in supporting defendant in error and her husband, his mother and father, and in making lasting and valuable improvements upon the real estate mentioned. It was alleged that the personal property mentioned in the petition of defendant in error was the property of plaintiff in error purchased by him out of his own labor, property, and money. It was further alleged that on the 23d day of May, 1883, the plaintiff and defendant had a full settlement of all differences between them, whereby it was agreed that the prop-

erty in controversy should be the property of plaintiff in error.

To this answer defendant in error replied, denying each and every allegation therein contained as her first defense, and second, alleging that the defense set up in the answer of plaintiff in error was the same identical answer or plea made by him in the suit brought and tried in the district court of Adams county, wherein defendant in error was plaintiff and he was the defendant. A portion of the answer in the other suit was copied in the reply, and it was alleged that after the issues had been formed a trial was had before the district court which resulted in favor of defendant in error, and which, upon appeal, was affirmed in the supreme court. (Referring to *Munson v. Carter*, 19 Neb., 293; S. C., 27 N. W. Rep., 208.) It was also alleged that a bill of sale for the mules mentioned in the petition was given on the 23d day of June, 1885, at the same time and place, and by reason of the same fraud, force, duress, and other influence, by which the deed for the land, mentioned in the former suit, was obtained; that defendant in error never made any agreement with plaintiff in error as to the purchase of them except the bill of sale, which was obtained without consideration and by fraud, force, intimidation, etc., on the part of plaintiff in error, and was, therefore, not the free, voluntary act of defendant in error.

While the action above referred to was pending in the district court, plaintiff in error instituted his action against defendant in error for the sum of $5,410 damages alleged to be due him from defendant in error for the items named in the petition. It is not deemed necessary to copy this petition in full, nor indeed to set out at any great length its contents. It may be sufficient to say that it consisted of alleged demands in favor of plaintiff in error, and against defendant in error, growing out of the occupation, cultivation, and management of the farm during the life-time of the husband of defendant in error, and, after his death, at

the request of defendant in error, and of money paid out and expended by plaintiff in error for the defendant in error at her special institution and request, an itemized account of which is given; also for goods and merchandise furnished defendant in error by plaintiff in error, and for hay, grain, and produce sold and delivered to her between the 15th day of March, 1875, and the 15th day of the same month, in the year 1883, consisting of corn, wheat, oats, rye, barley, potatoes, hay, etc. To this petition defendant in error answered by way of *first*, a general denial; *second*, pleading the statute of limitations, and *third*, alleging that plaintiff in error was indebted to her in the sum of $4,000 for grain, hay, produce, corn, rent, issues, and products of the farm of plaintiff in error, occupied, received, and used by him from the 23d day of April, 1875, to the 23d day of May, 1883, and in the further sum of $1,000 for money loaned by her to plaintiff in error at his request during the month of July, 1874, and at other times since said date. A judgment of $4,000 with interest and costs was demanded.

These two causes were consolidated and tried to the court without a jury, as one case. The trial resulted in a finding in favor of defendant in error and the assessment of damages due her from plaintiff in error in the sum of $1,000, for which judgment was rendered against him. A motion for a new trial was filed, consisting of three grounds, to-wit:

"*First*—That the finding and judgment were contrary to the evidence.

"*Second*—The finding is not sustained by sufficient evidence.

"*Third*—The finding is contrary to law."

This motion was overruled. From this finding and judgment plaintiff in error prosecutes error to this court, the only contention being that the finding of the district court is not supported by sufficient evidence. It is insisted by defendant in error that as the facts stated and averments made in plaintiff's answer to her petition in the suit

instituted by her, and his petition in the suit instituted by him, are substantially the same as were contained in his answer in the case decided by this court and referred to in the answer, the issues presented by plaintiff in error are *res adjudicata,* and plaintiff is estopped to litigate these issues a second time. Upon an examination of the case we conclude that the only question necessary to be decided is the one presented by plaintiff in error; the others will not, therefore, be considered. Upon reading the bill of exceptions we find the evidence conflicting upon almost every material point in the case, and had the witnesses been before the district court we should not hesitate to affirm the judgment without further inquiry; but as it appears that the evidence was taken by a referee, and none of the witnesses were before the trial court, we have endeavored to give the evidence as careful an analysis as the time at our command would permit.

The contest is over a long series of transactions between the father and mother upon one side, and the son upon the other. The father having deceased, the suit is between the mother and son. The dealings referred to began in another state prior to the year 1874, and include money alleged to have been advanced to the son, who is plaintiff in error, at or about the time of his removal to this state in that year, followed soon after by his parents, when a farm was opened in Adams county, on which the three resided together; although plaintiff in error, in connection with his care of the farm, took and improved a homestead some miles distant. From perhaps some degree of contention between the father and son, prior to the death of the father, which was produced by a lingering and painful illness, the differences culminated in an unfortunate and rather unnatural estrangement between the mother and son, resulting in this suit over the personal property on the farm at the time of the marriage of the son and his removal therefrom. A portion of the property in dispute

12

is a span of mules, harness, and wagon, which were shown to be worth $400. While there is some evidence tending to show that defendant in error gave, or proposed to give, this property to plaintiff in error, yet we are quite well satisfied with the finding of the district court, that the title thereto was vested in defendant in error at the time of its conversion by plaintiff in error; and by such conversion plaintiff became indebted to defendant in error in the sum of $400.

In addition to this we find that plaintiff in error should be charged with the value of one corn sheller, worth $10, two cows with their calves, worth $40 each, and two hundred bushels of corn, worth twenty cents a bushel, making a total of $530, to which should be added interest at the rate of seven per cent per annum for four years, making a total of $678, for which defendant in error was entitled to judgment. Considering all the circumstances of the case, as shown by the evidence, we are impressed with the belief that the other items charged in the petition of defendant in error, and which need not be enumerated here, are not sustained by the proof, and should not be allowed against plaintiff in error. Many of them, while apparently purchased with the money of defendant in error, were doubtless accumulated in a great degree by the labor of plaintiff in error upon the farm, and had he obtained them under other circumstances, no difficulty would likely have resulted therefrom. The finding against plaintiff in error, upon the claim as set up in his petition, was right and need not be discussed here. The judgment of the district court will therefore be reversed, and the cause remanded for further proceedings unless defendant in error files with the clerk of this court a remittitur of the sum of $332. In case such remittitur is filed within sixty days of the filing of this opinion, the judgment of the district court will be affirmed for the sum of $678, the same to draw lawful interest from the date of its rendition in the district court,

and in such case the costs in this court will be equally divided between the parties.

JUDGMENT ACCORDINGLY.

The other Judges concur.